## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**JOSHUA WITTEN**                                                                                   **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:23CV-P34-JHM**

**STEPHEN SCHAFER** *et al.*                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

    Plaintiff Joshua Witten filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is before the Court for initial screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

### I. SUMMARY OF FACTUAL ALLEGATIONS

    Plaintiff is a convicted inmate incarcerated at Kentucky State Penitentiary (KSP). He sues Stephen Schafer, a KSP lieutenant, and Lauren Massey, a KSP unit administrator, in their individual and official capacities.

    Plaintiff alleges that on August 5, 2022, while housed in the Restrictive Housing Unit (RHU), he was using the restroom in his cell. He states that Defendant Schafer "approached the cell, opened the tray slot, pointed a can of oleoresin capsicum ("OC") vapor spray at the Plaintiff and threatened to spray the plaintiff if he, at that instant, did not scrape a piece of paper off the wall of his cell; Plaintiff complied immediately." Plaintiff reports that on August 8, 2022, he sent a grievance to Defendant Massey regarding the August 5th incident. He states, "The status of that grievance is in limbo despite the Plaintiff following the appeal process."

    Plaintiff asserts that on August 12, 2022, an "extraordinary occurrence erupted in the RHU, that was unrelated to the Plaintiff but that called for him to be evacuated from his cell." He states

that Defendant Schafer approached his cell and placed him in wrist and leg restraints before removing him from the cell. He states, "Upon leaving the cell, the Plaintiff noticed that there was water throughout the floor causing a difficulty to walk while shackled. [] Defendant Schafer began swiftly escorting the Plaintiff through the water causing the Plaintiff to slip and nearly fall to the ground." He continues, "With malicious and sadistic intent and, while acting in retaliation, Defendant Schafer slammed Plaintiff on his face with the use of excessive force. Plaintiff's left finger and right eye were injured." Plaintiff states that on August 16, 2022, he "mailed a grievance to Defendant Massey who, with deliberate indifference, rejected it and denied Plaintiff relief for the incident."

Plaintiff alleges, "The action of Defendant Schafer in using physical force against the Plaintiff, without need or provocation, were done maliciously and sadistically and constituted retaliation and cruel and unusual punishment, in violation of the First and Eighth Amendments of the United States Constitution." Plaintiff also maintains, "The failure of Defendant Massey to take disciplinary or other action to curb the known pattern of physical abuse of the Plaintiff by Defendant Schafer, constituted deliberate indifference to the Plaintiff's safety, and contributed to and proximately caused the above-described violation of Eighth and First Amendment rights."

As relief, Plaintiff requests compensatory and punitive damages and injunctive relief in the form of "prompt response to grievances."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2

relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

*A. Official-capacity claims for damages*

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its

agencies, state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants for damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### *B. Individual-capacity § 1983 claims*

#### 1. Defendant Schafer

Upon review, the Court will allow Plaintiff's First Amendment retaliation claim to proceed for further development against Defendant Schafer in his individual capacity. The Court will also allow Plaintiff's Eighth Amendment excessive force claim to proceed against Defendant Schafer in his individual capacity based on the alleged August 12, 2022, incident. In allowing the claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

Plaintiff also alleges that Defendant Schafer threatened to spray him with OC spray if he did not scrape a piece of paper off the wall of his cell. The use of threatening or harassing language by a prison official, although unprofessional and deplorable, does not rise to a constitutional dimension. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (holding that threat to spray inmate with mace did not violate Eighth Amendment).

Therefore, Plaintiff's claim against Defendant Schafer based on his threat to spray Plaintiff with OC spray will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendant Massey

Plaintiff alleges that Defendant Massey did not address one of his grievances and denied another grievance. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his handling of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."). Accordingly, Plaintiff's individual-capacity claim against Defendant Massey based on the handling of his grievances will be dismissed for failure to state a claim upon which relief may be granted. For the same reasons, Plaintiff's claim for injunctive relief in the form of "prompt responses to grievances" must also be dismissed for failure to state a claim.

In addition, Plaintiff asserts that Defendant Massey failed to take action to prevent Defendant Schafer from physically abusing him. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."

*Iqbal*, 556 U.S. at 676. Plaintiff does not allege that Defendant Massey was personally involved in the alleged excessive force incident. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Therefore, Plaintiff's individual-capacity claim against Defendant Massey based on her supervisory authority over Defendant Schafer will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against Defendants for damages, individual-capacity claim against Defendant Schafer for threatening to spray him with OC spray, individual-capacity claims against Defendant Massey, and claims for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: August 11, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant Schafer
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010